UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MILDRED ARIAS, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 4:08-CV-1645-CDP |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**ORDER AND MEMORANDUM**

This matter is before the Court upon the motion of Mildred Arias to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255.[1]

On January 16, 2004, movant pleaded guilty to one count of violating 21 U.S.C. § 841(a)(1)(possession with intent to distribute heroin) and one count of violating 18 U.S.C. § 1952 (interstate travel to facilitate unlawful activity). She was sentenced to concurrent terms of 120 months' imprisonment on the possession count and 60 months' imprisonment on the interstate travel count, as well as a five-year term of supervised release. Movant did not appeal her conviction.

---

[1]The Court notes that page 7 of the § 2255 motion, which bears movant's signature, was submitted to the Court and was docketed as page 4 of movant's "Motion Pursuant to 28 U.S.C. § 2255 Supplement" [Doc. #1, Attachment #1].

**Motion to Vacate**

Movant seeks to vacate, set aside or correct her conviction and sentence on the grounds that her guilty plea was unlawfully obtained and her conviction was based on illegally obtained evidence and was obtained by violating her right against self-incrimination.

**Discussion**

Rule 4(b) of the Rules Governing § 2255 Cases in the United States District Courts provides that a District Court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief.

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2255 now provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>     (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A review of the instant motion indicates that it is time-barred under 28 U.S.C. § 2255(1), and is subject to summary dismissal. Movant's conviction became final, at the latest, ten days after January 16, 2004. See Fed.R.App.P. 4(b). The instant motion was mailed to this Court on or about October 8, 2008, well after the expiration of the one-year limitation period.

In her supplement to the § 2255 motion [Doc #1], movant seeks equitable tolling on the grounds that she lacks knowledge of the penal system, "there was no reason for the search of the car she was driving," and her counsel was ineffective in failing to discuss the plea agreement with her "and never explained to her that she could appeal though she had pled guilty."

Equitable tolling of the AEDPA's one-year limitations period for filing a petition for writ of habeas corpus in federal court requires "extraordinary circumstances." Movant's claims relative to the timeliness of the instant action do not establish extraordinary circumstances required for equitable tolling. Even if her attorney never discussed the plea agreement or explained that she had a right to a direct appeal, this does not explain movant's delay in filing the instant habeas action. Movant's claim that she lacks knowledge of the penal system is insufficient to warrant equitable tolling. Cf. Shoemate v. Norris, 390 F.3d 595,

3

598 (8th Cir. 2004)(§ 2254; petitioner's misunderstanding of proper procedures under state law for filing a certain motion did not warrant equitable tolling); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000)(§ 2254; ignorance of the law, including existence of AEDPA, insufficient to warrant tolling). Last, movant's assertion challenging the automobile search has no bearing on the issue of equitable tolling.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that no order to show cause shall issue at this time as to respondent, because the instant petition appears to be time-barred.

**IT IS FURTHER ORDERED** that movant shall show cause within thirty (30) days of the date of this Order as to why the Court should not dismiss the instant motion as time-barred. Movant's failure to file a show cause response shall result in the denial of the instant motion to vacate and the dismissal of this action as time-barred.

Dated this 10th day of December, 2008.

_____
UNITED STATES DISTRICT JUDGE

4